UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-05463-GHK (Ex) | Date | October 11, 2016 |
|---|---|---|---|
| Title | *Maricela Gonzalez v. County of Los Angeles, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion to Remand (Dkt. 9)

This Matter is before us on Defendant County of Los Angeles and Los Angeles County Sheriffs' Department's (together, the "County Defendants") above-captioned Motion. Having considered the Motion, the opposition by Hawthorne Police Department and the City of Hawthorne (together, the "Hawthorne Defendants"), and the County Defendants' reply, we deem this matter appropriate for decision without oral argument. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

The County Defendants' Motion to Remand is **GRANTED**. It is clear that the Hawthorne Defendants' Removal is defective inasmuch as they failed to obtain the County Defendants' consent to remove this action to federal court.

In their Notice of Removal, the Hawthorne Defendants claimed that they had "no information or knowledge as to whether the County defendants have been served." (Dkt. 1, Notice of Removal ("NOR") ¶ 11.) In fact, County Defendants had indeed been served almost a month before the Hawthorne Defendants' removal. While the Hawthorne Defendants may not have had actual notice of such service, Rule 11 prevents them from relying on willful ignorance at the time of removal. Indeed, 28 U.S.C. § 1446(a) states that any Notice of Removal shall be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ." Rule 11(b) states that by presenting "a pleading, written motion, or *other paper* . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* [that] . . . the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b) (emphasis added).

Here, the Hawthorne Defendants' factual assertion that they had no information concerning the status of service on the County Defendants has no evidentiary support because had they complied with Rule 11 by making an "inquiry reasonable under the circumstances," they would have known that the County Defendants had in fact been served almost a month before the Notice of Removal was filed in this action. A simple phone call to Plaintiff's counsel would surely have uncovered this fact. Counsel for the Hawthorne Defendants may not simply make representations to the court in reliance on his lack of information without making inquiry reasonable under the circumstances to determine the true facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-05463-GHK (Ex) | Date | October 11, 2016 |
|---|---|---|---|
| Title | *Maricela Gonzalez v. County of Los Angeles, et al.* | | |

Because the County Defendants had been served at the time of removal, the Hawthorne Defendants' failure to obtain their consent renders this removal defective.

Moreover, the Hawthorne Defendants appear to have confused service with appearance. They seem to argue that because the County Defendants had not made any appearance in state court at the time of removal, the County Defendants' consent was not required. They are wrong. The statute speaks in terms of service, not appearance. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and *served* must join in or consent to the removal of the action.") (emphasis added).

Finally, we note that although the County Defendants' motion to remand was filed more than 30 days after removal, we conclude that the 30-day deadline is not jurisdictional, *see Engel v. 34 E. Putnam Ave. Corp.,* 552 F. Supp. 2d 291, 294 (D. Conn. 2008) (concluding that section 1447(c)'s "30-day time limit is not jurisdictional"), and that in this case there is good cause to toll the deadline.

The Hawthorne Defendants failed to comply with 28 U.S.C. § 1446(d) which requires that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ." Here, the Hawthorne Defendants did not file any notice of removal with the state court clerk until September 2, 2016–some 43 days after removal. We conclude that a 43-day delay does not constitute prompt filing in the state court. Moreover, the Hawthorne Defendants also failed to serve the County Defendants with any notice of removal. As such, the County Defendants could not have filed their remand motion within 30 days of removal because they had no knowledge, actual or constructive, of such removal until September 2, 2016 when the notice of removal was finally filed in state court. But by then, Section 1447(c)'s 30-day period had already expired through no fault of the County Defendants. Thus, we conclude there is good cause to toll the 30-day period, and we now deem the County Defendants' motion to remand timely.

For the foregoing reasons, the County Defendants' Motion is **GRANTED**. The action is **REMANDED** to the state court from which this action was improvidently removed.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk        PS